***********
The Full Commission has reviewed the prior Decision and Order based upon the record of the proceedings before Deputy Commissioner Holmes and the briefs and arguments of the parties. The appealing party has not shown good grounds to reconsider the evidence; receive further evidence; rehear the parties or their representatives; and having reviewed the competent evidence of record, the Full Commission AFFIRMS the Decision and Order of Deputy Commissioner Holmes with minor modifications.
 ***********
The pleadings and evidence present the following:
 ISSUES *Page 2 
1. Whether Defendant's Correctional Officers breached a duty of care in failing to reasonably respond to a third party attack upon the Plaintiff.
2. Whether Defendant's Correctional Officers breached a duty in failing to timely provide Plaintiff with medical care.
3. If so, was the breach of duties alleged a proximate cause of injury to the Plaintiff?
4. The amount of Plaintiff's damages, if any.
 ***********
The competent evidence adduced at hearing engenders the following:
 FINDINGS OF FACT
1. Plaintiff Marcos Spencer, an inmate in the custody of Defendant North Carolina Department of Correction ("NCDOC"), initiated this civil action on or about March 12, 2007 by filing a Tort Claim Affidavit alleging that a Correctional Officer employed by Defendant at Scotland Correctional Institution was negligent by not adequately or timely responding to an assault upon Plaintiff by another inmate on May 15, 2006. Plaintiff further alleged that, as a consequence, he sustained more severe injuries to his person than would have otherwise occurred were it not for the Correctional Officer's negligence. Moreover, Plaintiff alleged that the responding Correctional Officers were negligent by not providing him with timely medical assistance following the incident.
2. Plaintiff and a number of other inmates were outside in the exercise yard at Scotland Correctional on May 15, 2006, when a thunderstorm approached the facility. Correctional Officers responded to the impending storm by directing inmates to return to the facility. *Page 3 
3. As Plaintiff returned to the building, inmate David Chambers ("Chambers") struck him in the back of the head with a metal horseshoe. Plaintiff defended himself by grabbing the horseshoe and then exchanging blows with Chambers. The inmates remaining on the exercise yard crowded around the combatants in a circle to watch the fight. Correctional Officer Brown approached the fight from a nearby position. As he approached, he was threatened by the inmates surrounding not to intervene in the affray.
4. Plaintiff does not contend that the attack by Chambers could have been prevented from the outset by Officer Brown, he contends that Officer Brown did not respond to the situation with haste and that, alternatively, there were insufficient Correctional Officers in the yard given the number of inmates present.
5. Plaintiff sustained a wound to his head that was not treated until the next morning, despite the fact that the wound required several stitches to close.
6. Plaintiff has been convicted of numerous felony and misdemeanor criminal offenses within the past ten years, including the felonious rape of a child less than thirteen years of age, indecent liberties with a child, felonious breaking and entering, and several misdemeanor assaults. These convictions appreciably impeach the credibility of Plaintiff's testimony.
7. Plaintiff's testimony is further impeached because of his refusal to cooperate with Correctional Officers investigating the assault.
8. Plaintiff's uncorroborated testimony, while sufficient to establish the details of his confrontation with Chambers, is not sufficiently credible or compelling to support any findings regarding the alleged lack or inadequacy of response by Correctional Officers.
9. Plaintiff's testimony bears insufficient weight to conclude that the alleged failure to timely treat his cut resulted in any damage beyond what was inflicted in the affray. *Page 4 
 ***********
The foregoing Findings of Fact engender the following:
 CONCLUSIONS OF LAW
1. N.C. Gen. Stat. § 143-291(a) confers upon the Industrial Commission jurisdiction to hear negligence claims against the State Board of Education, the Board of Transportation, and all other departments, institutions and agencies of the State, "under circumstances where the State of North Carolina, if a private person, would be liable to the claimant in accordance with the laws of North Carolina." Bolkhir v. N.C. State Univ.,321 N.C. 706, 709, 365 S.E.2d 898, 900 (1988).
2. Plaintiff has not met his burden of proving the elements of negligence, as his testimony was insufficient to establish a breach of any duty by Defendant's employees on May 15, 2006, for the alleged failure to have an adequate number of Correctional Officers at the site of the affray or the alleged failure of Correctional Officer Brown to timely respond to the affray. N.C. Gen. Stat. § 143-291(a).
3. As Plaintiff has alleged and testified to the willful and wanton refusal of Defendant's employee(s) to provide him with adequate medical treatment, this aspect of Plaintiff's tort claim must be dismissed for lack of subject matter jurisdiction because Plaintiff has not stated a claim for negligence. SeeMedley v. N.C. Dep't of Correction,330 N.C. 837, 843-44, 412 S.E.2d 654, 658-59 (1992) (distinguishing between the deliberate breach of the duty to provide adequate health care, as asserted, for example, in a section 1983 claim under theEighth Amendment to the United States Constitution, and thenegligent breach of the same duty, for which a remedy may be sought under the State's Tort Claims Act). *Page 5 
4. Assuming arguendo, that Plaintiff has stated a cause of action for negligent failure to treat, Plaintiff's testimony fails to establish any proximate cause between the failure to treat and any damages contended by the Plaintiff. N.C. Gen. Stat. § 143-291(a).
 ***********
The foregoing Findings of Fact and Conclusions of Law engender the following:
 ORDER
1. Plaintiff shall have and recover nothing from Defendant. Plaintiff's claim is hereby DISMISSED WITH PREJUDICE.
2. No costs are taxed as Plaintiff was permitted to file this action in forma pauperis.
This the 25th day of January, 2010.
 S/___________________
 DANNY LEE McDONALD
 COMMISSIONER
CONCURRING:
 S/___________________ PAMELA T. YOUNG CHAIR
 S/___________________ BERNADINE S. BALLANCE COMMISSIONER *Page 1